IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUANITA REDFERN
and MICHAEL PICKETT,

Appellants,

v.

LAURA J. WILLIAMS

Appellee.                                                    No. 07-0714-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Juanita Redfern's motion to disqualify Donald Sampson as attorney (Doc. 7). Redfern maintains that at some point after Williams hired Donald Sampson to represent her, Pickett filed bankruptcy and that Mr. Sampson was the trustee of Pickett's bankruptcy case. Thus, Redfern argues that Sampson is disqualified from this case due to judicial disqualification because he has acted as an attorney on both sides of the dispute and/or acted within a judicial function. In response, Sampson argues that the motion should be denied because once he found out about the conflict he immediately resigned as trustee in Prickett's bankruptcy case. Based on the following, the Court **DENIES** Redfern's motion to disqualify.

A review of the pleadings indicated that Sampson was appointed as trustee of Pickett's bankruptcy case, cause number 07-30771, filed on April 16, 2007. As trustee, Sampson reviewed Pickett's schedules and statement of financial affairs. Nowhere in either the swore schedules or statements of financial affairs did Pickett list any claims or litigation regarding a lawsuit against Williams.[1] At the 341 meeting between Pickett and Sampson, Sampson asked Pickett under oath if he had any claims for personal injury or any claims or litigation upon which he might receive a settlement. Pickett responded "No." After the 341 meeting, Sampson, due to the similarity of names, made additional inquiry and discovered that Michael Pickett in 07-30771 was the same Michael Pickett as the co-plaintiff in the lawsuit against Williams. Once Sampson discovered this fact, he immediately advised Pickett's attorney and resigned as trustee in Pickett's bankruptcy case. Robert Eggmann was appointed as the successor trustee. Because Sampson immediately resigned as trustee upon learning of the conflict, the Court finds that disqualification is not warranted and **DENIES** the motion. The Court **ALLOWS** Williams up to and including July 18, 2008 to file her reply brief and cross appeal.

However, the Court is troubled by Pickett's conduct regarding his bankruptcy matter – providing false information and lying under oath. Thus, the Court is providing the Federal Bureau of Investigation a copy of this Order so it can

---

[1] Pickett answered "None" to question number 21 of the sworn schedules which requires the debtor to list any claims or litigation which he has an interest. Further, question number 4 on the statement of financial affairs requires debtors to list all lawsuits in which debtor has been a party within one year of the filing of bankruptcy. Pickett did not list the lawsuit against Williams.

determine, in its discretion, whether there is sufficient reason for it to undertake an investigation of Mr. Pickett.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2008.

/s/ David R Herndon
**Chief Judge
United States District Court**